IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONIE ELMORE,

        Petitioner,                                      No. CIV S-05-1641 GEB GGH P

      vs.

MIKE KNOWLES, Warden,

        Respondent.                          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, represented by appointed counsel, seeks relief pursuant to 28 U.S.C. § 2254. In an <u>Order</u>, filed on August 7, 2007, this court set an evidentiary hearing for October 29, 2007, on the question of whether petitioner could meet his burden to demonstrate that his entitlement to equitable tolling for the period of time from August, 2003, until October, 2004, based on a claim of mental illness. On October 9, 2007, petitioner's counsel filed a stipulated motion, signed by counsel for both parties, to cancel the evidentiary hearing, asking the court to render its ruling based on the record before it, stating:

> After a complete and thorough review, including additional consultation with the relevant parties, the obtaining and review of additional records, and consultation with other attorneys, both parties stipulate that an evidentiary hearing would not provide any meaningful additional information on the underlying issues in this case. In this regard, petitioner specifically withdraws his previous request for an evidentiary hearing.

Stipulated Motion, filed on October 9, 2007.

1   Pursuant to the stipulated request, the undersigned granted the motion, vacating
2  the scheduled October 29, 2007, evidentiary hearing by <u>Order</u>, filed on October 16, 2007.  The
3  court has previously wholly set forth its findings in detail as to respondent's motion to dismiss in
4  the <u>Order</u>, setting the evidentiary hearing, filed on August 7, 2007, wherein the record before it
5  was fully considered.  In considering respondent's October 6, 2006, motion to dismiss as barred
6  by the AEDPA statute of limitations, it was evident that the only argument petitioner had for
7  timeliness rested solely on his claims of being entitled to equitable tolling.  <u>See</u>, <u>Order</u>, filed on
8  August 7, 2007, p. 4.  The undersigned found that petitioner had adequately met his burden to
9  qualify for equitable tolling for the first of two time periods, as set forth fully in the <u>Order</u>.  As to
10 the subject of the then scheduled evidentiary hearing, the court stated:

> While the undersigned does not find petitioner should be granted
> equitable tolling on the ground he has raised for a second period of
> tolling based on the evidence submitted, the court has little choice,
> in light of <u>Laws [v. Lamarque</u>, 351 F.3d 919 (9th Cir. 2003] but to
> grant, as petitioner alternatively suggests, an evidentiary hearing on
> the question of whether petitioner should have equitable tolling for
> the period from August 25, 2003, until October 6, 2004, the filing
> date of his state court habeas petition.  Petitioner has not yet met
> his burden to demonstrate that he was, in fact, subjected to the
> merciless beating he suggests occurred on August 25, 2003,
> debilitating physically and exacerbating a mental condition.  As
> respondent noted at oral argument, no specific diagnosis of his
> mental condition has been proffered.  Nor does petitioner
> demonstrate in the face of his intervening filings, noted above, that
> he has suffered mental illness to the degree that he could not have
> earlier filed the instant petition.  He has not shown that the
> psychotropic medications he was administered extended for the full
> period of time for which he claims equitable tolling, and whether
> they were administered for the whole period, or most of the period,
> why they should not be deemed effective enough to have permitted
> him to file the instant petition sooner.

22 <u>Order</u>, filed on August 7, 2007, p. 13.
23   The court had already completely considered the record before it in finding that an
24 evidentiary hearing was necessary for petitioner to attempt to meet his burden on his claim for
25 equitable tolling for a second period of time, a period for which such tolling would be required
26 for the petition to be deemed timely filed.  As petitioner has since stipulated to vacating the

hearing, the court now finds that petitioner cannot meet his burden and must now recommend granting respondent's motion to dismiss, incorporating herein this court's prior <u>Order</u>, filed on August 7, 2007.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's October 6, 2006, motion to dismiss be granted and this habeas petition be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/11/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
elmo1641.fr